IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. CHARLES SITOMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:15-cv-02421 |
| | § | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; THE PAUL REVERE LIFE INSURANCE COMPANY d/b/a UNUM; UNUM LIFE INSURANCE COMPANY, | § § § § § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendants Unum Life Insurance Company of America ("Unum Life"), The Paul Revere Life Insurance Company ("Paul Revere"), erroneously named as The Paul Revere Life Insurance Company d/b/a Unum, and Unum Group, apparently and erroneously defined as Unum Life Insurance Company (collectively, "Defendants"),[1] for the purpose only of removing this cause to the United States District Court for the Southern District of Texas, Houston Division, states:

### I.   STATE COURT ACTION

On August 12, 2015, Plaintiff Dr. Charles Sitomer ("Dr. Sitomer" or "Plaintiff")

---

[1] Plaintiff has named "Unum Life Insurance Company" as a defendant, but there is no entity by that name. From a review of his lawsuit (which is less than a picture of clarity), and although Defendants deny any liability, it appears that Plaintiff intends to name Paul Revere (the insurer), Unum Group (which is a parent, holding company that does not issue insurance products), and Unum Life (an entity that does issue insurance, although it does not appear that it issued any insurance to Plaintiff that is at the subject of any claims in the lawsuit) as defendants. As such, and in an abundance of caution, all three of these entities have joined in this removal, although Paul Revere is the only proper party.

filed suit against Defendants in the 190th Judicial District Court of Harris County, Texas, where it was numbered 2015-47176 on the docket of that court.  Plaintiff has asserted claims for violations of Texas Insurance Code, prompt payment of claim, statutory interest, breach of duty of good faith and fair dealing, punitive damages for bad faith, violations of Texas DTPA, fraud, and breach of contract.  He seeks to recover actual damages, exemplary damages, pre-judgment, post-judgment interest, attorney's fees, treble damages, and costs of court.

## II.    SUBJECT MATTER JURISDICTION EXISTS

**A.    Diversity Jurisdiction.**

**1.    The Parties Are Completely Diverse.**  Dr. Sitomer was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal.  Paul Revere is a Massachusetts insurance company doing business in Texas with its principal place of business in Worcester, Massachusetts.  Paul Revere was a citizen of Massachusetts at the time this action was filed and remains a citizen of Massachusetts as of the date of this removal.  Unum Group is a Delaware company with its principal place of business in Chattanooga, Tennessee.  Unum Group was a citizen of Delaware and/or Tennessee at the time this action was filed and remains a citizen of Delaware and/or Tennessee as of the date of this removal.  Unum Life is a Maine insurance company with its principal place of business in Portland, Maine.  Unum Life was a citizen of Maine at the time this action was filed and remains a citizen of Maine as of the date of this removal.  Thus, complete diversity of citizenship exists between Dr. Sitomer and Defendants.

2.      **The Requisite Amount in Controversy is Satisfied.**  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Specifically, Dr. Sitomer alleges in his Original Petition that he "seeks monetary relief in an amount over $1,000,000." *See* Original Petition at ¶ 3.2.  It is therefore clear from Dr. Sitomer's pleading that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

3.      **The Removal is Timely.**  Plaintiff filed his lawsuit on August 12, 2015.  The first time that Defendants received notice of the lawsuit was on August 13, 2015.  As such, the removal is timely under 28 U.S.C. § 1446.

### III.    REMOVAL IS PROPER

Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division.  Finally, and as discussed above, removal is timely under 28 U.S.C. § 1446(b).

### IV.    STATE COURT DOCUMENTS ATTACHED

Attached as Exhibit A is an "Index of State Court Documents," which includes true and correct copies of the state court docket sheet and all documents filed in the state court action.  These documents constitute all of the process, pleadings, or orders filed in

state court or served on Defendants.

## V.     RELIEF REQUESTED

Defendants respectfully request that the United States District Court for the Southern District of Texas, Houston Division, accept this notice of removal, assume jurisdiction of this cause and issue all orders and processes necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By:  /s/ Dennis M. Lynch
    Dennis M. Lynch
    State Bar No. 90001506
    S.D. No. 23163
    dennis.lynch@figdav.com
    Attorney-in-Charge

    Of Counsel:
    Bill E. Davidoff
    State Bar No. 00790565
    bill.davidoff@figdav.com
    S.D. No. 19513
    Roshanak Khosravighasemabadi
    State Bar No. 24048587
    S.D. No. 922957
    rosh.khosravi@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Michael Patrick Doyle, Mr. Patrick M. Dennis, and Mr. Jeffrey Avery, DOYLE LLP, 2402 Dunlavy Street, Houston, Texas 77006, on this the 21st day of August, 2015.

                                             /s/ Dennis M. Lynch
                                             Dennis M. Lynch