# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. CHARLES SITOMER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 4:15-cv-02421 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; THE PAUL REVERE LIFE INSURANCE COMPANY d/b/a UNUM; UNUM LIFE INSURANCE COMPANY, | § § § § § § § | |
| Defendant. | § | |

## INDEX OF STATE COURT FILED DOCUMENTS

  | **Date Received / Filed**
---|---

1. Docket Sheet from Harris County District Clerk, 190th Judicial District — N/A

2. Plaintiff's Original Complaint and Jury Demand — 08/12/15

Respectfully submitted,

By: /s/ Dennis M. Lynch
Dennis M. Lynch
State Bar No. 90001506
S.D. No. 23163
dennis.lynch@figdav.com
Attorney-in-Charge

Of Counsel:
Bill E. Davidoff
State Bar No. 00790565
S.D. No. 19513
bill.davidoff@figdav.com
Roshanak Khosravighasemabadi
State Bar No. 24048587
S.D. No. 922957
rosh.khosravi@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Michael Patrick Doyle, Mr. Patrick M. Dennis, and Mr. Jeffrey Avery, DOYLE LLP, 2402 Dunlavy Street, Houston, Texas 77006, on this the 21st day of August, 2015.

/s/ Dennis M. Lynch
Dennis M. Lynch

**1**

| HCDistrictclerk.com | SITOMER, CHARLES (DR) vs. PAUL REVERE LIFE INSURANCE COMPANY (THE) (A FOREIG | 8/20/2015 |
|---|---|---|
| | Cause: 201547176    CDI: 7    Court: 190 | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 66600238 | Plaintiffs Original Complaint & Jury Demand | | 08/12/2015 | 10 |

**2**

8/12/2015 5:24:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6473080
By: Krystal Franklin
Filed: 8/12/2015 5:24:16 PM

# 2015-47176 / Court: 190

Cause No. _____

| | | |
|---|---|---|
| DR. CHARLES SITOMER, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA; THE PAUL REVERE | § | |
| LIFE INSURANCE COMPANY D/B/A | § | |
| UNUM; UNUM LIFE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff Dr. Charles Sitomer files this Original Complaint against Defendant Unum Life Insurance Company of America and would respectfully show the following:

### ■ *PARTIES* ■

2.1   Dr. Charles Sitomer ("Dr. Sitomer") is a resident and citizen of Harris County, Texas.

2.2.   Unum Life Insurance Company of America ("UNUM") is a foreign corporation. UNUM regularly does business in a systematic and continuous manner in the State of Texas. It may be served with service of process upon its registered agent for service: Corporation Service Company 211 East 7th Street Suite 620 Austin TX 78701-3218.

2.3   THE PAUL REVERE LIFE INSURANCE COMPANY d/b/a UNUM ("UNUM"), is a foreign corporation. UNUM regularly does business in a systematic and continuous manner in the State of Texas. It may be served with service of process upon its registered

agent for service: Corporation Service Company 211 East 7th Street Suite 620 Austin TX 78701-3218.

2.3    UNUM LIFE INSURANCE COMPANY ("UNUM") is a foreign corporation. UNUM regularly does business in a systematic and continuous manner in the State of Texas. It may be served with service of process upon its registered agent for service: C T Corporation System 350 North Saint Paul Street Dallas TX 75201.

## ■ *VENUE & JURISDICTION* ■

3.1    Venue is proper in Harris County under Texas Civil Practice & Remedies Code § 15.002(a)(1), as a substantial part of the events or omissions giving rise to this claim occurred in Harris County. In particular, the insurance policy at issue was to be performed in Harris County, Texas (including disability payments sought under the policy); and the losses under the policy (including payments to be made under the policy) were required to be made in Harris County, Texas. In addition, investigation of the health claim at issue and attempts to collect payment thereof, including communications to and from Dr. Sitomer occurred in Harris County, Texas.

3.2    Dr. Sitomer, seeks damages within the jurisdictional limits of this Court. At this time, Dr. Sitomer seeks monetary relief in an amount over $1,000,000. Dr. Sitomer reserves the right to modify the amount and type of relief sought in the future.

## ■ *FACTUAL BACKGROUND* ■

4.1    In and for good and valuable consideration, Plaintiff Dr. Charles Sitomer purchased long term disability through Unum. Dr. Sitomer purchased these benefits to

practice himself and his family in the event that Dr. Sitomer could no longer practice as a urologic surgeon. Unfortunately, Dr. Sitomer suffered injuries due to an automobile accident and eventually received surgery on May 22, 2012. Dr. Sitomer initially received benefits from Unum but his claim was closed on January 1, 2013.

4.2     After his claim was closed, Dr. Sitomer's condition unfortunately continued to depreciate and he was no longer able to continue his practice as a urologic surgeon or maintain his privileged to work with his contracted medical provider due to his restrictions and injury. In fact, Plaintiff's treating physicians documented the loss of Plaintiff's pre-surgery dexterity in his left hand and the continued pain, which required pain management. And because of the loss of dexterity and pain, preclude Plaintiff from his employment as a surgeon. In response to this disabling condition, Dr. Sitomer re-applied for disability benefits and was denied in August 2013 by Unum. Moreover a certified rehabilitation counselor also concluded that Dr. Sitomer was unable to work as a surgeon.

4.3     Unfortunately, given UNUM's wrongful acts and repeated denials of payment, Dr. Sitomer has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, Dr. Sitomer suffered financial harm and damage as a result of Defendant's denials and repeated delays.

4.4     UNUM's wrongful conduct includes the following acts or omissions:

   a.     Failure to conduct a reasonable investigation of the events and facts relating to the disability insurance claim submitted by Dr. Sitomer;

  b. Failure to timely recognize and acknowledge the nature and extent of Dr. Sitomer's physical, financial, and other injuries;

  c. Failure to accept the undisputed evidence regarding Dr. Sitomer's medical condition and disability;

  d. Creation of pretextual reasons to deny and/or delay payment of the underlying claim and engagement in an "outcome-driven" approach to the claim; and

  e. Failure to ensure that the industry's best practices were applied consistently with regard to the insurance claim.

4.5 The significant effect of Defendants' conduct and consequent wrongful and unjustified delays is still uncompensated.

## ■ FIRST CAUSE OF ACTION — *Violations of Texas Insurance Code* ■

5.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.10 of this Petition as if fully set forth herein.

5.2 UNUM failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).

5.3 UNUM failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4 UNUM failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv)).

5.5     UNUM refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).

5.6     UNUM misrepresented the insurance policy under which it affords insurance coverage to Dr. Sitomer, by making an untrue statement of material fact, in violation of Texas Insurance Code section 541.061 (1) (formerly Art. 21.21 §4(11)(a)).

5.7     UNUM misrepresented the insurance policy under which it affords insurance coverage to Dr. Sitomer, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code section 541.061 (2) (formerly Art. 21.21 §4(11)(b)).

5.8     UNUM misrepresented the insurance policy under which it affords coverage to Dr. Sitomer, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code section 541.061 (3) (formerly Art. 21.21 §4(11)(c)) and Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §4(11)(e)).

5.9     UNUM knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

■ *SECOND CAUSE OF ACTION – Prompt Payment of Claim* ■

6.1     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.9 of this Petition as if fully set forth herein.

5

6.2    UNUM failed to timely request from Dr. Sitomer any additional items, statements or forms that UNUM reasonably believed to be required from Dr. Sitomer, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

6.3    UNUM failed to notify Dr. Sitomer in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by UNUM in violation of Texas Insurance Code section 542.056(a).

6.4    UNUM delayed payment of Dr. Sitomer's claim in violation of Texas Insurance Code section 542.058(a).

### ■ *THIRD CAUSE OF ACTION — Statutory Interest* ■

7.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.4 of this Petition as if fully set forth herein.

7.2    Dr. Sitomer makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

### ■ *FOURTH CAUSE OF ACTION — Breach of Duty of Good Faith & Fair Dealing* ■

9.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of this Petition as if fully set forth herein.

9.2    UNUM, as Dr. Sitomer's insurer, had a duty to deal fairly and in good faith with her in the processing of the underlying claim. UNUM breached this duty by refusing to properly investigate and effectively denying insurance benefits. UNUM knew or should have known that there was no reasonable basis for denying or delaying the required

benefits. As a result of UNUM's breach of these legal duties, Dr. Sitomer suffered legal damages.

### ■ *FIFTH CAUSE OF ACTION — Punitive Damages for Bad Faith* ■

10.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2   UNUM acted fraudulently and with malice (as that term is legally defined) in denying Dr. Sitomer's claim for coverage benefits. Further, UNUM had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Dr. Sitomer.

### ■ *SIXTH CAUSE OF ACTION — Violations of Texas DTPA* ■

11.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Petition as if fully set forth herein.

11.2.   The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. UNUM's violations of the Texas Insurance Code create a cause of action under the DTPA. UNUM's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

11.3   The violations by UNUM also are "unconscionable" as that term is legally defined, and subject each to liability for such "unconscionable" acts as set forth by law.

### ■ *SEVENTH CAUSE OF ACTION — Fraud* ■

12.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-11.3 of this Petition as if fully set forth herein.

12.2   UNUM acted fraudulently as to each representation made to Dr. Sitomer concerning material facts for the reason they would not have acted and which UNUM knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Dr. Sitomer, who relied on those representations, thereby causing injury and damage to Dr. Sitomer.

### ■ EIGTH CAUSE OF ACTION – BREACH OF CONTRACT ■

13.1   Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 12.2 of this Petition as if fully set forth herein.

13.2   Defendant breached its contract with Dr. Sitomer. As a result of Defendant's breach, Dr. Sitomer suffered legal damages.

### ■ KNOWLEDGE ■

13.1   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

### ■ RESULTING LEGAL DAMAGES ■

14.1   Dr. Sitomer is entitled to the actual damages resulting from UNUM's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Dr. Sitomer; lost credit reputation; and the other actual damages permitted by law. In addition, Dr. Sitomer is entitled to exemplary damages.

14.2   As a result of UNUM's acts and/or omissions, Dr. Sitomer has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3   Dr. Sitomer is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4   UNUM's knowing violations of the Texas Insurance Code and DTPA entitle Dr. Sitomer to the attorneys' fees, treble damages, and other penalties provided by law.

14.5   Dr. Sitomer is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

14.6   Dr. Sitomer is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)-(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

### ■ *PRAYER* ■

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charles Sitomer respectfully requests that she have judgment against UNUM for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Doyle LLP

MICHAEL PATRICK DOYLE
State Bar No. 06095650

PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.571.1146
Fax:   713.571.1148

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Dr. Sitomer hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
MICHAEL PATRICK DOYLE