## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DR. CHARLES SITOMER, | § | Case No. 4:15-cv-02421 |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA; THE PAUL REVERE | § | |
| LIFE INSURANCE COMPANY D/B/A | § | |
| UNUM; UNUM LIFE INSURANCE | § | |
| COMPANY | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION FOR VOLUNATARY DISMISSAL BY COURT ORDER

COMES NOW Plaintiff Dr. Charles Sitomer, and files this Motion for Voluntary Dismissal, and would respectfully show the Court as follows:

1.      Dr. Charles Sitomer filed this lawsuit in Harris County District Court and at the same time also filed a similar action in Hamilton County, Tennessee – Defendants' home forum and residence. Plaintiff then served the Defendants in the Tennessee matter.  But before Plaintiff could file a non-suit in Harris County, Defendants filed an answer and removed this case to the Southern District of Texas. Plaintiff then requested that Defendants agree to the dismissal of the Texas case, but Defendants refused.  Because Defendants' filed a responsive pleading and have not agreed to dismissal, Plaintiff now files this motion for voluntary dismissal pursuant to Rule 41(a)(2).

2.      The Fifth Circuit has stated that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice . . ." *Elbaor v.*

*Tripath Imaging, Inc.,* F.3d 314, 317 (5th Cir. 2002). Indeed, the primary purpose of this rule is to avoid voluntary dismissals which unfairly affect the other side.  *Harris v. Devon Energy Prod.* Co., 500 F. App'x 267, 268 (5th Cir. 2012). To further clarify when a party has suffered legal prejudice, Courts have weighed the following factors:

(1)  The defendant's effort and expense in preparing for trial;
(2)  Excessive delay or lack of diligence by the plaintiff in prosecuting the action;
(3)  Insufficiencies in the plaintiff's explanation of the need for a dismissal; and
(4)  Whether a motion for summary judgment is pending.

*See Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009); *see also, Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956 (6th Cir. 2003). Specifically, legal prejudice typically occurs "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the Defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Products Liability Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

3.      More specifically, the first two factors focus specifically on the time that has elapsed from the filing of the complaint.  For example, the Sixth Circuit in *Cogent Solutions Group, LLC v. Brown,* found that dismissal was proper because the Plaintiff's motion was before depositions occurred, before Defendant incurred "significant fees," and the motion was not on the eve of trial. *Cogent Solutions Group, LLC v. Brown,* 2013 U.S. Dist. LEXIS 165265, *13 (S.D. Ohio Nov. 20, 2013).  Indeed, Courts have generally granted motions to dismiss relatively early in the lawsuit, while denying similar motions after significant discovery and case preparation.  *Compare Pennington v. Lake Local Schs. Bd. of Educ.*, 257 F.R.D. 629, 633 (N.D. Ohio 2009) (finding no plain legal prejudice when case had been pending less

than a year) and *Cogent Solutions Group, LLC*, 2013 U.S. Dist. LEXIS 165265, *13 *with Leon v. City of Columbus*, WL 639506, at *1-2 (S.D. Ohio Feb. 28, 2012) and *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 196, 199 (5th Cir. 1991) (denying a motion to dismiss after significant discovery had elapsed).

4.      In this case, the factors weigh heavily in favor of Plaintiff's voluntary dismissal. First, this case was removed to federal court on August 21, 2015 – only four weeks from the filing of Plaintiff's motion.  Indeed, no discovery has been conducted, no motions have been filed, and no depositions have been taken.  Moreover, Plaintiff has also met the third because Defendants have not filed a summary judgment motion.  In sum, this case it at its early stages before discovery has even started.  Thus, Defendants will not suffer any legal prejudice due to the dismissal.

5.      In addition, the fourth factor also supports Plaintiff's motion for voluntary dismissal.   Dr. Sitomer filed the alternate lawsuit in Tennessee to proceed against Defendants in their home venue, where Plaintiff's insurance claim was adjusted, where Defendant denied his claim, and where Defendant's tortious conduct occurred.  In reality, Courts have consistently noted that the Plaintiff has a deferential right to choose the forum for his lawsuit. *See e.g. Stevenson v. United States*, F. Supp. 355, 358, (M.D. Tenn. 1961); *LeCompte v. Mr. Chip*, Inc., 528 F.2d 601, 604 (5th Cir. 1976). Moreover, additional litigation in a different venue does not affect the relevant factors. *Scarlett v. Ocwen Loan Servicing, LLC,* 2014 WL 1795243 (S.D. Tex. May 6, 2014); *4405 Bay Valley Family Land Trust v. Hughes Watters Askanase,* LLP, WL 772953, at *4 (N.D. Tex. Feb. 27, 2014) (granting motion to voluntarily dismiss foreclosure case and concluding that "plain legal prejudice" does not

result from possibility that plaintiff may file a new suit).  In sum, all of the factors weigh in Plaintiff's favor, and therefore Defendants will not suffer legal prejudice by dismissal.

■ <u><em>PRAYER</em></u> ■

WHEREFORE, PREMISES CONSIDERED, Plaintiff Charles Sitomer respectfully requests to have this case dismissed without prejudice according to the applicable federal statute.

Respectfully submitted,

**Doyle LLP**

_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY AVERY
State Bar No. 24085185
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.571.1146
Fax:   713.571.1148

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 29th day of September 2015, via hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, ecf filing, and/or facsimile, pursuant to the Texas Rules of Civil Procedure:

_____
Michael Patrick Doyle

## CERTIFICATE OF CONFERENCE

This will certify that Plaintiff's counsel has conferred with Defendants' counsel regarding dismissal and no agreement could be reached.  Accordingly this motion is being filed as opposed.

_____
Michael Patrick Doyle